```
 1
 2
 3
 4
 5
 6
 7
 8                    IN THE UNITED STATES DISTRICT COURT
 9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11  UNITED STATES OF AMERICA ex rel       No   C  95-1825  VRW
    ROBERT COSTA and STATE OF
12  CALIFORNIA ex rel ROBERT COSTA,            ORDER
13                Plaintiffs,
14
15                v
16  BAKER & TAYLOR, INC d/b/a BAKER &
    TAYLOR BOOKS, and W R GRACE & CO
17  – CONNECTICUT,
18                Defendants.
                                       /
19
20
21          After considering the parties' memoranda and oral
22  arguments on *qui tam* plaintiff Robert Costa's motion for an award
23  of attorney fees pursuant to California Government Code §
24  12652(g)(8), the court issued an order granting Costa's motion in
25  part on May 29, 2006.  Doc #361.  Costa has submitted a modified
26  fee petition which, in addition to conforming to the court's order,
27  requests fees associated with the current motion practice that were
28  not included in his initial request.  Doc ##364, 365 (Second Supp
```

Chatfield Decl). Defendant Baker & Taylor availed itself of an opportunity to respond. Doc #366. Costa submitted an unsolicited reply. Doc #367.

Baker & Taylor contends that the court failed to find that Costa's request, as modified, is reasonable in light of the results he achieved notwithstanding what Baker & Taylor characterizes as Costa's "limited success." As support for the proposition that such a finding is required, Baker & Taylor relies principally upon Hensley v Eckerhart, 461 US 424 (1983), in which the Supreme Court expounded upon principles that govern fee requests under federal law. "The issue of whether [Costa] is entitled to the full amount of [his] attorney fees request under state law * * * poses a separate question not answerable simply by reference to [Hensley]." Sokolow v County of San Mateo, 213 Cal App 3d 231, 249 (1989) (citing Serrano v Unruh, 32 Cal 3d 621, 639 n 29 (1982) ("Serrano IV") ("We envision an independent state rule.")). It is thus irrelevant that a California court, in the context of awarding fees pursuant to 42 USC § 1988, relied upon Hensley for the proposition that a court, after determining that successful and non-successful claims are interrelated, "'must still determine whether the total fees requested are reasonable in relation to results obtained.'" Doc #366 at 2:26-27 (misquoting Sokolow, 231 Cal App 3d at 248).

Putting aside Baker & Taylor's misplaced reliance upon Hensley, the court does not doubt that "a reduced fee award is appropriate when a claimant achieves only limited success." Sokolow, 231 Cal App 3d at 249. At least, "there is nothing in [Serrano IV] to suggest that a trial court should not reduce the

2

amount of the attorney fees to be awarded where a prevailing party plaintiff is actually unsuccessful with regard to certain objectives of its lawsuit." Id.

It is unclear what objective of the lawsuit went unfulfilled. The United States and nearly a score of states obtained settlements totaling approximately $18.5 million, of which $4 million went to the State of California. To be sure, Costa cannot claim responsibility for all this success and it is true that Costa was dismissed as a *qui tam* plaintiff under the federal False Claims Act (FCA). But the FCA claim itself, for which Costa acted as a midwife, remained viable and ultimately the United States obtained substantial settlements. Cf <u>Sokolow</u>, 213 Cal App at 249-50 (distinguishing <u>Sundance v Municipal Court</u>, 192 Cal App 3d 268 (1987), on the ground that "[i]t was only the theories that were unsuccessful, not the claims in support of which the theories were advanced"). To the extent Baker & Taylor asserts that the FCA claim was unsuccessful, it overlooks the realities of this litigation.

Regardless, the court agrees that Costa is entitled to nothing more than reasonable fees for his prosecution of the CFCA claim. In this regard, the court finds that the amount requested by Costa, as modified by the court's earlier order, is reasonable in light of the results obtained on the CFCA claim, <u>with one caveat</u>:

Costa now requests fees for 225.2 hours spent almost entirely by experienced attorneys in connection with the instant fee petition. That amount of time represents roughly ten percent of the total hours that a hard-working lawyer would bill in an

3

1 entire year. Yet, as Baker & Taylor observes, litigating Costa's
2 fee petition involved law with which counsel is presumably very
3 familiar and billing records that were not exceptionally
4 complicated. For this reason, the court finds it appropriate to
5 deduct 100 hours from Costa's revised fee petition. The court
6 multiplies this time by $405/hour, which represents the
7 intermediate billing rate of the three lawyers who worked on the
8 petition. See Second Supp Chatfield Decl, Ex A. The court further
9 multiplies the resulting product of $40,500 by a factor of 1.1, the
10 enhancement applicable to fee-related fees. See Doc #361 at 18.
11 Costa's revised fee request is accordingly reduced by $44,550.

12     In sum, Costa's request for attorney fees, costs and
13 expenses is GRANTED. Baker & Taylor is hereby ORDERED to pay
14 attorney fees, costs and expenses in the amount of $1,274,833.53.
15 The clerk is DIRECTED close the file and terminate all pending
16 motions.

18     SO ORDERED.

                                              */s/ Vaughn R Walker*
                                              VAUGHN R WALKER
                                              United States District Chief Judge